## THE STATE ex rel. WENNEKER, Collector, Appellant, v. BOYLE.

### Division One, May 25, 1904.

NO BILL OF EXCEPTIONS: Affirmance. In a suit for taxes, if there is no bill of exceptions, and appellant does not claim he is entitled to judgment on the face of the pleadings, there is nothing for the Supreme Court to review.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

AFFIRMED.

*E. C. Slevin* for appellant.

*Geo. W. Easley* for respondent; *Boyle, Priest & Lehmann* of counsel.

VALLIANT, J.—This is a suit to recover of defendant, who is alleged to be the curator (*sic*) of the will of George J. Plant, deceased, taxes for the year 1900, assessed against personal property of the value of $37,300, alleged to have been in the hands of defendant on June 1, 1899.

The answer is a general denial and then a statement that the defendant had been executor of the will of George J. Plant, deceased, but that on June 16, 1899, prior to the institution of the suit, he had made final settlement of the estate, and distributed it under order of the probate court, and had not since had anything belonging to the estate in his hands. There was no reply.

The record shows that when the cause came on for trial "at the close of plaintiff's case, plaintiff elects to take a nonsuit with leave to move to set the same aside," and there was a judgment for defendant accordingly. The record also shows that a motion to set aside the nonsuit was filed and that it was overruled, then there was an appeal prayed and allowed. That is all that is shown by the record before us. Appellant does not claim that he is entitled to a judgment on the face of the pleadings, but asks a reversal on grounds that could be brought to our notice only through a bill of exceptions.

There is no bill of exceptions in the record; therefore, we do not know what evidence, if any, the plaintiff adduced, or why he took a nonsuit, or on what his motion to set aside the nonsuit was grounded, or to what action of the court, if any, he excepted.

In that condition of the record there is nothing for us to review. The judgment is affirmed.

All concur, except *Robinson, J.,* absent.